**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

THOMAS A. SIMONIAN,

|                                        |                                       |
| -------------------------------------- | ------------------------------------- |
| Plaintiff,                             |                                       |
| v.                                     | Civil Action No. _____      |
| CISCO SYSTEMS, INC.,                   | **JURY TRIAL DEMANDED**               |
| Defendant.                             |                                       |

## COMPLAINT FOR FALSE PATENT MARKING

Plaintiff THOMAS A. SIMONIAN ("Plaintiff"), by his attorneys, hereby complains against Defendant CISCO SYSTEMS, INC. (collectively "Defendant") as follows:

**I.**

## NATURE OF THE CASE

1.      This is a *qui tam* action on behalf of the public for false patent marking under 35 U.S.C. §292.

2.      As set forth below, Defendant has violated 35 U.S.C. §292(a), by marking certain of its products, including its Internet Protocol Set Top Boxes Model No. IPN330HD  with United States Patent Number 4,498,169 ("the '169 Patent") even though the '169 Patent is expired, and has been expired since March 14, 2003; with United States Patent Number 4,692,919 ("the '919 Patent") even though the '919 Patent is expired, and has been expired since November 29, 2005; with United States Patent Number 4,922,456 ("the '456 Patent") even though the '456 Patent is expired, and has been expired since April 29, 2008; with United States Patent Number 4,924,498 ("the '498 Patent") even though the '498 Patent is expired, and has been expired since April 29, 2008; with United States Patent Number 4,991,011 ("the '011 Patent") even though the '011 Patent is expired, and has been expired since April 20, 2009; with United States Patent Number

5,003,384 ("the '384 Patent") even though the '384 Patent is expired, and has been expired since April 1, 2008; with United States Patent Number 5,054,071 ("the '071 Patent") even though the '071 Patent is expired, and has been expired since February 3, 2009; and with United States Patent Number 5,142,575 ("the '575 Patent") even though the '575 Patent is expired, and has been expired since November 2, 2009 (collectively the "Expired Patents").  Defendant marks its products with the Expired Patents with the intent to deceive the public and to gain a competitive advantage in the market.

3.      Plaintiff seeks an award of monetary damages against Defendant pursuant to 35 U.S.C. §292(b) of $500 for each offense, with one-half going to the use of the United States and the other half going to the person bringing the action.

## II.
## THE PARTIES

4.      Plaintiff is a person residing in Geneva, Illinois.

5.      Defendant CISCO SYSTEMS, INC a corporation established under the laws of the State of California with its principal place of business in San Jose, California.

6.      Upon information and belief, Defendant is a leading producer of electronic components and related products.

## III.
## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.      Venue properly lies in the Northern District of Illinois pursuant to 28 U.S.C. §§ 1391(c), and 1395(a), because Defendant's falsely marked products were and are offered for sale and sold in this District.

9. This Court has personal jurisdiction over Defendant because it has sold and continues to sell its falsely marked products, in Illinois and in this District and/or in the stream of commerce with knowledge that they would be sold in Illinois and in this District. Upon information and belief, such sales by Defendant are substantial, continuous, and systematic.

## IV.
## COUNT I

10. Plaintiff incorporates paragraphs 1-9 as if fully set forth herein.

11. Defendant has in the past manufactured and marketed, or caused to be manufactured and marketed, and presently manufactures and markets, or causes to be manufactured or marketed, products for sale to the general consuming public, including, for example, its Internet Protocol Set Top Boxes Model No. IPN330HD.

12. Defendant has in the past marked, or caused to be marked, and presently marks, or causes to be marked, for example, but not limited to, at least the following products and/or packaging thereof, with the the Expired Patents: Internet Protocol Set Top Box Model No. IPN330HD.

13. An exemplary patent marking on an Internet Protocol Set Top Box Model No. IPN330HD is shown below (continued on next page):





**Scientific Atlanta**
A CISCO COMPANY

IPN330HD
Internet Protocol Set Top Box
Basic SD/HD
Rating: 12V --- 1.67A  Date of Mfg: 10/09

P/N: 4012963
HW: v2.2.1.0  SW: v1010
Factory ID: 01  MADE IN CHINA

 LISTED I.T.E. E218211

Tested To Comply
With FCC Standards
For Home Or Office Use

S/N: 152687806

GUID: e618bb87-d62e-4b4f-a90f-fd78627e96e7

HPNA MAC 00:22:3a:b6:79:47

---

**Scientific Atlanta**
A CISCO COMPANY

Manufactured under license from Dolby Laboratories. "Dolby" and the double-D symbol are trademarks of Dolby Laboratories. Macrovision Corp. U.S Patent Nos. 5,315,448; 5,583,936; 6,381,747; 6,501,842; 6,836,549 and 7,050,698.

Patented under one or more of the following patents: RE36368, 4498169, 4692919, 4922456, 4924498, 4991011, 5003384, 5054071, 5142575, 5155590, 5235619, 5247364, 5301028, 5317391, 5357276, 5359601, 5420866, 5420923, 5425101, 5438370, 5440632, 5457701, 5477282, 5481542, 5497187, 5539822, 5592551, 5684876 and others listed in documentation.

14. The instances of false marking described in paragraphs 11-13 above are representative and not exhaustive.

15. The exemplary Internet Protocol Set Top Box Model No. IPN330HD shown in paragraph 13 above indicates that it was manufactured in October 2009. Seven (7) of the eight (8) Expired Patents had expired before the indicated manufacturing date. In particular, the '169 Patent had expired in March 2003, the '919 Patent had expired in November 2005, the '456 Patent had expired in April 2008, the '498 Patent had expired in April 2008, the '384 Patent had expired in April 2008, the '071 Patent had expired in February 2009, and the '011 Patent had expired in April 2009.

16. When a patent expires, all prospective rights in the patent terminate irrevocably. Therefore, a product marked with an expired patent is not currently protected by such expired patent.

17. Upon information and belief, Defendant is a sophisticated company and has many decades of experience applying for, obtaining, and/or litigating patents.

18. Defendant by itself or by its representatives cannot genuinely believe that a patent does not expire and that patent rights apply even after its expiration.

19. Upon information and belief, Defendant knows, or should know (by itself or by its representatives), that the Expired Patents marked on its products have expired and/or do not cover the products to which the marking is affixed.

20. Upon information and belief, Defendant intentionally marked its products with the Expired Patents in an attempt to prevent competitors from entering the market and for the purpose of deceiving the public into believing that something contained in or embodied in the products is covered by or protected by the Expired Patents.

21.     Each false marking on the Defendant's products is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products.

22.     Defendant has wrongfully and illegally advertised patent rights which it does not possess and, as a result, has benefitted commercially and financially by maintaining false statements of patent rights.

23.     Upon information and belief, Defendant knows, or reasonably should know, that marking its products with false patent statements was and is illegal under Title 35 United States Code.  At a minimum, Defendant had and has no reasonable basis to believe that its use of the false markings was or is proper or otherwise permitted under federal law.

24.     For at least the reasons provided herein, and/or for reasons which will be later evidenced, each expired patent which is marked on a product contributes to causing harm to the Plaintiff, the United States and the general public.

25.     Thus, each expired patent marked on a product directly, or on the packaging thereof, multiplied by the number of products and/or packaging materials on which it appears is a separate "offense" pursuant to 35 U.S.C. §292(a).

## V.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant as follows:

(a)     A decree that Defendant has falsely marked products in violation of 35 U.S.C. §292;

(b)     An award of monetary damages, pursuant to 35 U.S.C. § 292, in the form of a civil monetary fine of $500 per false marking "offense," or an alternative

amount as determined by the Court, one half of which should be paid to the

United States of America;

(c)    An accounting for any falsely marked products not presented at trial and an

award by the Court of additional damages for any such falsely marked

products;

(d)    All costs and fees incurred as a result of the prosecution of this action; and

(e)    Such other and further relief, at law or in equity, to which Plaintiff is justly

entitled.

## VI.
## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure Rule 38, Plaintiff hereby demands a jury

trial on all issues triable by jury.

Dated: February 25, 2010                    Respectfully submitted,

*Attorneys for Plaintiff*

Joseph M. Vanek
IL State Bar No. 6197046
David P. Germaine
IL State Bar No. 6274984
Jeffrey R. Moran
IL State Bar No. 6283573
VANEK, VICKERS & MASINI, P.C.
111 S. Wacker Drive, Suite 4050
Chicago, Illinois 60606
(312) 224-1500 Telephone
(312) 224-1510 Facsimile
E-mail: jvanek@vaneklaw.com
E-mail: dgermaine@vaneklaw.com
E-mail: jmoran@vaneklaw.com

Bruce S. Sperling
IL State Bar No. 2687925
Robert D. Cheifetz
IL State Bar No. 6210105
SPERLING & SLATER, P.C.
55 West Monroe Street
Suite 3200
Chicago, Illinois 60603
(312) 641-3200 Telephone
(312) 641-6492 Facsimile
E-mail:  bss@sperling-law.com
E-mail:  robc@sperling-law.com


Eugene M. Cummings
IL State Bar No. 556394
David M. Mundt
IL State Bar No. 6243545
David Lesht
IL State Bar No. 6180985
Martin Goering
IL State Bar No. 6286254
Konrad V. Sherinian
IL State Bar No. 6290749
Panasarn Aim Jirut
IL State Bar No. 6281877
Jessica Rissman
IL State Bar No. 6300680
EUGENE M. CUMMINGS, P.C.
One North Wacker Drive, Suite 4130
Chicago, Illinois  60606
(312) 984-0144 Telephone
(312) 984-0146 Facsimile
E-mail: ecummings@emcpc.com
E-mail: dmundt@emcpc.com
E-mail: dlesht@emcpc.com
E-mail: mgoering@emcpc.com
E-mail: ksherinian@emcpc.com
E-mail: ajirut@emcpc.com
E-mail: jrissman@emcpc.com