IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS SIMONIAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10 C 1306 |
| | ) | |
| CISCO SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Cisco Systems, Inc.'s (Cisco)

motion to dismiss.  For the reasons stated below, we grant the motion to dismiss.

## BACKGROUND

Plaintiff Thomas Simonian (Simonian), who is a relator for the purposes of

this *qui tam* action, alleges that Cisco has marked its products with expired patents,

and provides Internet Protocol Set Top Box Model No. IPN330HD as an example.

The Internet Protocol Set Top Box Model No. IPN330HD shown in the complaint

was allegedly manufactured in October 2009.  Seven of the patents marked on the

Internet Protocol Set Top Box Model No. IPN330HD were allegedly expired at the

1

time of the product's manufacture.  According to Simonian, Cisco is a sophisticated

company, with "decades of experience applying for, obtaining, and/or litigating

patents." (Compl. Par. 17).  Simonian contends that Cisco has knowledge that its

products are marked with expired patents.  Simonian also claims that Cisco

"intentionally marked its products with the expired patents . . . to prevent competitors

from entering the market and for the purpose of deceiving the public."  (Compl. Par.

20).  Simonian has brought a *qui tam* action against Cisco for false patent marking

pursuant to 35 U.S.C. §292.  Cisco has moved to dismiss Simonian's claim.


**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(1) (Rule 12(b)(1)) requires a court to

dismiss an action when it lacks subject matter jurisdiction.  *United Phosphorus, Ltd.*

*v. Angus Chemical Co.*, 322 F.3d 942, 946 (7th Cir. 2003).  If the concern of the

court or party challenging subject matter jurisdiction is that "subject matter

jurisdiction is not evident on the face of the complaint, the motion to dismiss

pursuant to Rule 12(b)(1) would be analyzed as any other motion to dismiss, by

assuming for purposes of the motion that the allegations in the complaint are true."

*Id.*; *see also Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995)(stating that when

reviewing a motion to dismiss brought under Rule 12(b)(1), this court "must accept

as true all well-pleaded factual allegations, and draw reasonable inferences in favor

of the plaintiff").  For the purpose of determining subject matter jurisdiction, this

court "may properly look beyond the jurisdictional allegations of the complaint and

view whatever evidence has been submitted on the issue to determine whether in fact

subject matter jurisdiction exists."  *Ezekiel*, 66 F.3d at 897 (quoting *Capitol Leasing

Co. v. Federal Deposit Insurance Corp.*, 999 F.2d 188, 191 (7th Cir. 1993)).  The

burden of proof in a Rule 12(b)(1) motion is "on the party asserting jurisdiction."

*United Phosphorus, Ltd.,* 322 F.3d at 946.

   In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil

Procedure Rule 12(b)(6) (Rule 12(b)(6)), a court must "take all of the factual

allegations in the complaint as true" and make reasonable inferences in favor of the

plaintiff.  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(stating that the tenet is

"inapplicable to legal conclusions"); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300

F.3d 750, 753 (7th Cir. 2002).  To defeat a motion to dismiss brought pursuant to

Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true,

to state a claim to relief that is plausible on its face."  *Iqbal*, 129 S.Ct. at 1949

(internal quotations omitted)(emphasis in original)(quoting in part *Bell Atlantic Corp.

v. Twombly*, 550 U.S. 544, 570 (2007)).

## DISCUSSION

Cisco argues that Simonian's complaint should be dismissed because Simonian lacks standing to pursue his claim and because Simonian has not met the pleading requirements of Federal Rule of Civil Procedure 8(a) (Rule 8(a)) or Federal Rule of Civil Procedure 9(b) (Rule 9(b)).

## I.  Standing

Cisco argues that Simonian lacks standing to pursue a claim under 35 U.S.C. § 292 because he has not alleged that he is a competitor or a purchaser of the product. Generally, to meet the requirements of constitutional standing under Article III, a plaintiff must establish that he (1) suffered "an injury in fact," (2) that the injury is "fairly traceable to the challenged action of the defendant," and (3) that the injury is likely to be redressed by the court. *Lujan v. Defender's of Wildlife*, 504 U.S. 555, 561 (1992)(citations omitted)(internal quotations omitted).  However, in this case, the plain language of 35 U.S.C. § 292(b) provides that "[a]ny person" is permitted to sue for false marking.  35 U.S.C. § 292(b).  In addition, 35 U.S.C. § 292 is a *qui tam* statute.  *See Forest Group, Inc.*, 590 F.3d 1295, 1303 (Fed. Cir. 2009)(stating that "Congress' interest in preventing false marking was so great that it enacted a statute which sought to encourage third parties to bring *qui tam* suits to enforce the statute"

and that "the false marking statute explicity permits *qui tam* actions").  In the case of

*qui tam* statutes, an injury to the United States is sufficient to confer standing upon a

relator.  *See Vermont Agency of Natural Resources v. U.S. ex rel. Stevens*, 529 U.S.

765, 773-74 (2000)(stating that "the assignee of a claim has standing to assert the

injury in fact suffered by the assignor" and that therefore a *qui tam* statute "can

reasonably be regarded as effecting a partial assignment of the Government's

damages claim").  The United States is injured when the laws it enacts to protect the

public are violated.  *See Id.* at 771 (discussing injury to the sovereignty of the United

States); *Forest*, 590 F.3d at 1302-03 (discussing the important public policy reasons

for enforcing the false marking statute).  Since the United States suffers an injury

when the false marking statute is violated, Simonian has standing to assert a claim

against Cisco under 35 U.S.C. § 292.


II.  Sufficiency of the Complaint

Cisco argues that Simonian has not alleged sufficient facts to support his

claims under either Rule 8(a) or Rule 9(b), and that therefore, Simonian's claim

should be dismissed.  To prevail on a claim for false marking, a plaintiff must show

that a defendant marked "an unpatented article" with the "intent to deceive the

public."  *Forest*, 590 F.3d at 1300.

5

A.  Applicability of Rule 9(b)

Since "intent to deceive" is an element of the claim, some courts have found that Rule 9(b) applies to false marking claims.  *See., e.g., Juniper Networks v. Shipley*, 2009 WL 1381873, at *4 (N.D. Cal. 2009)(stating that "[t]he false marking statute is a fraud-based claim, which is subject to the pleading requirements of Federal Rule of Civil Procedure 9(b)").  However, the case law is still developing, and at this time, there is no binding precedent on this issue.  Although in its reply, Cisco represents that Simonion has conceded that Rule 9(b) applies to false marking claims (*see* Reply 8 n. 3), Simonian actually indicated that he need not argue whether Rule 9(b) applies because his complaint meets both pleading standards (*see* Response 11 n. 4).

False marking is only actionable where there is an "an intent to deceive." *Forest*, 590 F.3d at 1300.  Therefore, a claim brought under 35 U.S.C. §292 "is a fraud-based claim." *Juniper*, 2009 WL 1381873, at *4. Fraud-based claims are subject to the heightened pleading requirements of Rule 9(b).  *See*, *e.g*., *United States ex rel. Gross v. AIDS Research Alliance-Chicago*, 415 F.3d 601 at 604 (7th Cir. 2005)(stating that "[t]he [False Claims Act] is an anti-fraud statute and claims under it are subject to the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure"); *see also Exergen Corporation v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1326-30 (Fed. Cir. 2009)(applying Rule 9(b) pleading to an inequitable conduct claim, which requires an individual to have a "specific intent to

deceive"). Accordingly, the Rule 9(b) pleading standard applies to Simonian's false marking claim.

### B. Analysis of the Complaint under Rule 9(b)

Under Rule 9(b), a party "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The term "circumstances" refers to the specific "who, what, where, when, and how" surrounding the misrepresentation. *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 2009)(citation omitted). In the instant action, Simonian has specifically identified the product Cisco allegedly mismarked and the patents on the product that are allegedly expired. In addition, Simonian has alleged the dates such patents expired and the date that the product was manufactured. Thus, Simonian has adequately alleged the circumstances surrounding the alleged false marking.

With respect to the "intent to deceive" element of the claim, Rule 9(b) allows intent or "other conditions of a person's mind" to be alleged generally. Fed. R. Civ. P. 9(b). However, the pleadings must "allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind." *Exergen*, 575 F.3d at 1327; *see also Robin v. Arthur Young & Co.*, 915 F.2d 1120, 1127 (7th Cir. 1990)(stating that "while the defendant's mental state need not be pleaded with particularity, 'the complaint must still afford a basis for believing that plaintiffs could prove scienter'")(citation omitted). Allegations based on

"information and belief [are] permitted under Rule 9(b) when essential information lies uniquely within another party's control, *but only if the pleading sets forth specific facts upon which the belief is reasonably based*." *Id.* at 1330 (emphasis added).

Where a party making a misrepresentation has knowledge of the misrepresentation, intent to deceive can be inferred. *Clontech Lab, Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1352 (Fed. Cir. 2005). Simonian has alleged that "upon information and belief" Cisco is "a sophisticated company and has many decades of experience applying for, obtaining, and/or litigating patents." (Compl. Par. 17). Simonian has not alleged any specific facts upon which he bases this allegation. In addition, all of Simonian's other allegations related to Cisco's knowledge and "intent to deceive" not only flow from there, but are also based upon information and belief unsupported by specific facts. (Compl. Par. 18-20). Thus, Simonian has failed to plead specific facts showing Cisco's knowledge of the mismarking or its intent to deceive the public.

Simonian has cited to *Lusby v. Rolls-Royce Corporation*, 570 F.3d 849 (7th Cir. 2009), to support his argument that his complaint satisfies the particularity requirements of Rule 9(b). In *Lusby*, the Seventh Circuit stated that a pleading need not "exclude all possibility of honesty in order to show the particulars of fraud" and that "[i]t is enough to show, in detail, the nature of the charge, so that vague and unsubstantiated accusations of fraud do not lead to costly discovery and public

8

obloquy." 570 F.3d at 854-55.  Applying those standards, the Seventh Circuit found that the plaintiff's complaint in *Lusby* satisfied Rule 9(b).  However, the complaint in *Lusby* included specific factual allegations to support the inference of fraudulent intent.  *Id.* at 853-54.  For example, the plaintiff in *Lusby* alleged that the defendant company had knowledge of the misrepresentation at issue because the plaintiff informed supervisors of the relevant facts and because the company's audits confirmed the information conveyed by the plaintiff to the company.  *Id.*  In contrast, there are no specific factual allegations to support an inference of fraudulent intent in Simonian's complaint.

Simonian has also cited a recent Supreme Court decision, *Merck & Co., Inc. v. Reynolds*, 130 S. Ct. 1784 (2010), which Simonian cites for the proposition that certain statements, when shown as false, show scienter as well.  *Id.* at 1796-97 (stating that "it is unlikely . . . that someone would falsely say 'I am married' without being aware of the fact that his statement is false").  However, *Merck* was an action for securities fraud brought under §10(b) of the Securities Exchange Act of 1934.  *Id.* In addition, the Supreme Court held in *Merck* that "[w]here §10(b) is at issue, the relation of factual falsity and state of mind is more context specific" and that "[a]n incorrect prediction about a firm's future earning, by itself, does not automatically tell us whether the speaker deliberately lied or just made an innocent (and therefore nonactionable) error."  *Id.* at 1979.  Similarly, the mere fact of mismarking a product does not necessarily show knowledge or intent.  Thus, Simonian cannot proceed with

his claim absent any specific factual allegations indicating that Cisco had knowledge of the mismarking or an intent to deceive the public.  Based upon the above, we find that Simonian's complaint does not meet the heightened pleading requirements of Rule 9(b), and therefore we grant Cisco's motion to dismiss the complaint.

If Simonian can cure the deficiency in his complaint, Simonian may file a motion for leave to file an amended complaint by July 1, 2010.  If Simonian files a motion for leave to file an amended complaint by July 1, 2010, Cisco will be given until July 8, 2010, to file a response.  If Simonian fails to file a motion for leave to file an amended complaint by July 1, 2010, or if Simonian fails to file a motion for leave to file an amended complaint by July 1, 2010, with sufficient detail to withstand a subsequent motion to dismiss, the instant action will be dismissed.  *See, e.g., Crestview Village Apartments v. U.S. Dept. of Housing and Urban Development*, 383 F.3d 552, 558 (7th Cir. 2004)(explaining that "a 'court may deny leave to amend if the proposed amendment fails to cure the deficiencies in the original pleading, or could not survive a second motion to dismiss'")(*Perkins v. Silverstein*, 939 F.2d 463, 471-72 (7th Cir. 1991)).

## CONCLUSION

Based on the foregoing analysis, we grant Cisco's motion to dismiss.


_____
Samuel Der-Yeghiayan
United States District Court Judge


Dated:   June 17, 2010