# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1306 | **DATE** | 7/29/2010 |
| **CASE TITLE** | Thomas A. Simonian vs. Cisco Systems, Inc. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Relator Thomas Simonian's motion for leave to file an amended complaint [32] is granted. Defendant is given until August 19, 2010, to answer or otherwise plead. The status hearing is set for September 2, 2010, at 9:00 a.m.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

This matter is before the court on Relator Thomas Simonian's (Simonian) motion for leave to file an amended complaint. Simonian brought a *qui tam* action against Defendant Cisco Systems, Inc.'s (Cisco) for false patent marking pursuant to 35 U.S.C. §292. On June 17, 2010, we granted Cisco's motion to dismiss the complaint in the instant action. We concluded that although Simonian had standing to pursue his claim, Simonian had not pled sufficient factual allegations to satisfy the heightened pleading requirement of Federal Rule of Civil Procedure 9(b) (Rule 9(b)). We gave Simonian an opportunity to cure the defects in his complaint and file a motion for leave to file an amended complaint by July 1, 2010. Simonian filed the instant motion for leave to file an amended complaint on June 30, 2010 and attached a proposed amended complaint (Amended Complaint). Cisco has opposed the instant motion, contending that the Amended Complaint fails to cure the defect identified in the original complaint. *See, e.g., Crestview Village Apartments v. U.S. Dept. of Housing and Urban Development*, 383 F.3d 552, 558 (7th Cir. 2004)(explaining that "a 'court may deny leave to amend if the proposed amendment fails to cure the deficiencies in the original pleading, or could not survive a second motion to dismiss'")(quoting *Perkins v. Silverstein*, 939 F.2d 463, 471-72 (7th Cir. 1991)).

**STATEMENT**

In dismissing the original complaint, we concluded that since "intent to deceive" is an element of a false patent marking claim, Simonian's complaint sounded in fraud, and thus, Simonian's claim needed to be pled with particularity pursuant to Rule 9(b). Under Rule 9(b), a party "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The term "circumstances" refers to the specific "who, what, where, when, and how" surrounding the misrepresentation. *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 2009)(citation omitted). As within his original complaint, Simonian has specifically identified in the Amended Complaint the product Cisco allegedly mismarked, the patents on the product that are allegedly expired, the dates such patents expired, and the date that the product was manufactured. (Compl. Par. 2, 11-15). Thus, Simonian has adequately alleged the circumstances surrounding the alleged false marking in the Amended Complaint.

Rule 9(b) allows intent or "other conditions of a person's mind" to be alleged generally. Fed. R. Civ. P. 9(b). However, the pleadings must "allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind." *Exergen Corporation v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009); *see also Robin v. Arthur Young & Co.*, 915 F.2d 1120, 1127 (7th Cir. 1990)(stating that "while the defendant's mental state need not be pleaded with particularity, 'the complaint must still afford a basis for believing that plaintiffs could prove scienter'")(citation omitted). Where a party making a misrepresentation has knowledge of the misrepresentation, intent to deceive can be inferred. *Clontech Lab, Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1352 (Fed. Cir. 2005). Thus, to survive a motion to dismiss**,** a relator must allege specific facts to plausibly suggest that a defendant had knowledge of the mismarking. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(stating that to defeat a motion to dismiss brought pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face").

In his Amended Complaint, Simonian has added facts concerning Cisco's alleged knowledge of its false patent marking. For example, Simonian has alleged facts relating to Cisco's extensive patent portfolio, Cisco's automated, web-based patent tracking system, and the legal team Cisco has devoted to intellectual property matters. (Compl. Par. 17-18). Based on such allegations, Simonian alleges that Cisco has knowledge of the legal status of its intellectual property. (Compl. Par. 19). Simonian additionally alleges

**STATEMENT**

that, based on such knowledge, "[u]pon information and belief, [Cisco] intentionally marked its products with the [e]xpired [p]atents for the purpose of deceiving the public into believing that something contained in or embodied in the products is covered by or protected by the [e]xpired [p]atents. . . ." (Compl. Par. 20). Cisco argues that such additional allegations "are irrelevant as to whether Cisco had knowledge of the specific patent mismarking alleged." (Res. 1). To the contrary, we find that such allegations plausibly suggest that Cisco had knowledge that the patents at issue were expired, and thus satisfy the notice pleading requirement.

Cisco also contends that the court's June 17, 2010 order dismissing the original complaint required Simonian to do more than show that Cisco is a sophisticated company with respect to obtaining patents. (Rep. 2). However, the court's June 17, 2010 order merely indicated that Simonian could properly base his allegations upon "information and belief" if Simonian "set forth specific facts upon which [his] belief [was] reasonably based." (Ord. 7-8). By alleging additional facts in the Amended Complaint regarding the extent of Cisco's patent portfolio, patent tracking systems, and legal department, Simonian has met this requirement. Finally, Cisco argues that some of the expired patents marked on the product at issue did not belong to Cisco and were included on the product label pursuant to a licensing agreement with another party. Such arguments are not appropriately raised at the pleading stage, since in ruling on a motion to dismiss brought pursuant to 12(b), with limited exceptions, the focus is solely upon the allegations in the complaint, *Centers v. Centennial Mortg., Inc.*, 398 F.3d 930, 933 (7th Cir. 2005), and the court must "accept as true all of the allegations contained in a complaint" and make reasonable inferences in favor of the plaintiff. *Iqbal*, 129 S.Ct. at 1949. Based on the above, we grant Simonian's motion for leave to file an amended complaint. Cisco is given until August 19, 2010, to answer or otherwise plead. The status hearing is set for September 2, 2010, at 9:00 a.m.